UNITED STATES of America,
Plaintiff-Appellee,

v.

Willie Earl JOHNSON and David McGee,
Defendants-Appellants.

No. 78–5192
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William T. Exum, Macon, Ga. (Court-appointed), for Johnson.

Harry F. Thompson, Macon, Ga. (Court-appointed), for McGee.

David McGee, pro se.

D. L. Rampey, Jr., U. S. Atty., William G. Boyd, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

On December 15, 1977, four armed men robbed a federally insured bank—the Cherokee Branch of the First National Bank and Trust Company, Macon, Georgia—of approximately $184,000. Subsequently, appellants David McGee and Willie Earl Johnson, along with two other men, were indicted in a four count indictment charging them with three bank robbery counts, 18 U.S.C.A. §§ 2113(a), (b), (d) and 2, and one conspiracy count, id. § 371. McGee and Johnson were tried together and convicted by a jury on all four counts.[1] McGee received a sentence of 25 years imprisonment on the bank robbery counts and a consecutive five years probated sentence on the conspiracy count. Johnson received a sentence of 15 years on the substantive counts and a consecutive five years probated sentence on the conspiracy count.

McGee and Johnson now appeal from the judgments entered below. They raise a number of arguments. Although their claims do not have merit, we do find certain technical errors in their sentences that require correction.

First, McGee and Johnson argue that they should not have been tried together. They maintain that the volume of evidence introduced at trial created a danger of confusion in the minds of the jurors. Additionally, Johnson contends that the evidence introduced against him was de minimis in relation to that introduced against McGee. Granted that there were a number of government exhibits introduced at trial and that there was some disparity in the amount of evidence against the two appellants, neither of these factors, considered separately or together, created the amount of prejudice necessary to warrant a reversal for failure to order severance. See *United States v. Rhodes*, 5 Cir., 1978, 569 F.2d 384.

Appellants also complain that the District Judge erred in ruling that, should appellants testify, he would allow the

---

1. The two other men were tried separately from Johnson and McGee because they had given confessions inculpating the appellants.

See *Bruton v. United States*, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

government to introduce for impeachment purposes only evidence of their prior convictions. F.R.Evid. 609. McGee and Johnson argue that this erroneous determination prevented them from testifying in their own behalf. We find, however, that there was no error. The convictions met the length of punishment and remoteness requirements of F.R.Evid. 609(a) and (b), and the Court conducted a proper evaluation under 609(a).[2] Thus, to have admitted the evidence would not have been error. Since the evidence would have been admissible if appellants had testified, the Court did not improperly "intimidate" appellants into remaining silent. Indeed, if anything, the Court did appellants a favor by warning them of the consequences of taking the stand.

■ Next, appellants challenge certain evidentiary rulings which they say unduly restricted their right to cross-examine witnesses. McGee objects to the Court's ruling that defense counsel could not question a bank officer regarding how much of the stolen money remained unrecovered. The Court did permit elicitation of this information on examination of a F.B.I. agent. Thus, any error in limiting cross-examination of the bank officer was nonprejudicial.

McGee also complains that the Court erred in not allowing him to cross-examine a police officer regarding the circumstances of his arrest. McGee argued that the fact that he had turned himself in was relevant to his state of mind. The Court ruled that the evidence was irrelevant since it had nothing to do with proving McGee's innocence. At any rate, the correctness of this ruling is immaterial because the officer had already testified that he had had nothing to do with McGee's arrest.

■ Johnson objects to the Court's ruling that McGee's counsel could not inquire into whether Williams, an accomplice who testified for the government, had willingly agreed to participate in the robbery.[3] It is undisputed that Williams did agree to participate and did in fact participate in the robbery. There is no indication that inquiry into *why* he did so would have led to any fact which made the existence of the conspiracy or of the robbery more or less probable. Thus, the Court's determination that Williams's motive was not relevant evidence was not an abuse of discretion. Furthermore it is doubtful that Johnson is in any position to complain of the ruling since the question was asked by McGee's attorney.

Johnson further asserts that the Court improperly disallowed the use of the indictment to impeach Williams's testimony. The Court, however, correctly ruled that the indictment was not evidence and that Williams could not be impeached by the indictment. Whatever inconsistencies were in the witness's testimony were thoroughly brought to the jury's attention on cross-examination and in closing arguments.

■ Appellants also challenge the sufficiency of the evidence to support their convictions. The government's case rested primarily on the testimony of the accomplice Williams. His testimony established each element necessary for conviction under the bank robbery and conspiracy counts, and much of this testimony was corroborated by witnesses to the robbery. Viewing the evidence in the light most favorable to the government, there is ample evidence upon which a jury might reasonably find appellants guilty beyond a reasonable doubt. *Glasser v. United States*, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

■ Finally, Johnson challenges the legality of his sentence. He argues that concurrent sentences were imposed for violations of separate sections of the same bank robbery statute. If this were so, the sentence would be illegal. *Holland v. United States*, 5 Cir., 1967, 384 F.2d 370. An exam-

---

2. The Court repeatedly stated that it considered the value of the evidence to outweigh its prejudicial impact. See R., vol. IV, at 346–54.

3. Defense counsel claimed that Williams's volition in entering the conspiracy was relevant since a conspiracy requires a "meeting of the minds." R., vol. III, at 119.

ination of the sentencing hearing transcript, however, reveals that the trial court did not impose concurrent sentences. R., vol. V, at 654–56. Instead, the Court imposed one general sentence that was less than the maximum allowed under the most serious count on which Johnson was convicted. Although in *Benson v. United States*, 5 Cir., 1964, 332 F.2d 288, we held illegal the imposition of a general sentence for separate offenses, we have recognized that such a sentence is permissible for contemporaneous bank robbery acts under the Federal Bank Robbery Act, where, as here, the sentence is no greater than the maximum penalty under the most severe count. *Hall v. United States*, 5 Cir., 1966, 356 F.2d 424. *Accord Johnson v. United States*, 8 Cir., 1974, 495 F.2d 652; *Gorman v. United States*, 2 Cir., 1972, 456 F.2d 1258; *United States v. Corson*, 3 Cir., 1971, 449 F.2d 544.

We reiterate, however, that such general sentences are bad business, leaving all, including this Court, in a state of uncertainty as to just what has been done. All—the defendant, probation officers, this Court, and prison/parole authorities—should be informed of the specific sentence on each count, subject, of course, to an articulate declaration of the maximum effective sentence. See *Prince v. United States*, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.

■ Although we find that the sentence imposed by the Court was correct, we do notice that there are several clerical errors in the "Judgment & Probation/Commitment Order." This Order indicates that Johnson pleaded not guilty only to the three bank robbery counts when in fact he pleaded not guilty to all four counts, including the conspiracy count. In addition, the Order fails to show that Johnson was convicted on the conspiracy count as well as on the substantive counts. Furthermore, the Order is misleading in that it provides that "imposition of sentence is hereby suspended. . . . " This language leaves the impression that the entire sentence is being probated rather than just the sentence on the conspiracy count. The same errors appear in McGee's Judgment & Probation/Commitment Order.

We conclude that appellants' convictions must be affirmed. In light of the clerical errors in sentencing, however, we must remand to the District Court with directions to correct the sentencing irregularities contained in the Judgment & Probation/Commitment Order of each appellant. F.R. Crim.P. 36.

AFFIRMED IN PART; REMANDED IN PART.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.