United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20368
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR CARLOS CARBALLO-BALDERAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-824-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Omar Carlos Carballo-Balderas (Carballo) appeals his

conviction and sentence for illegal reentry after deportation in

violation of 8 U.S.C. § 1326.  Carballo contends that the

district court should have suppressed evidence of his prior

deportation because he was deprived of due process during the

administrative deportation proceeding.  Carballo raises the issue

only to preserve it for Supreme Court review because he concedes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that his argument is foreclosed by <u>United States v. Benitez-Villafuerte</u>, 186 F.3d 651, 656-60 (5th Cir. 1999).

Carballo also contends that, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b) is unconstitutional because it does not require a prior felony conviction to be proved as an element of the offense. Carballo acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he raises the issue to preserve it for Supreme Court review in light of <u>Apprendi</u>.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>Apprendi</u>, 530 U.S. at 489-90, 496; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).

Carballo's conviction and sentence are AFFIRMED.

Carballo contends, and the Government agrees, that the judgment contains a clerical error stating that Carballo pleaded guilty when, in fact, he was convicted after a bench trial on stipulated facts. The case is REMANDED for correction of this clerical error. <u>See</u> FED. R. CRIM. P. 36; <u>United States v. Johnson</u>, 588 F.2d 961, 964 (5th Cir. 1979).

CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.