United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40026
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO GUTIERREZ-GARRIDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1001-ALL
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alfredo Gutierrez-Garrido ("Gutierrez") appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b)(1) by illegally reentering the United States, without permission, following his conviction for a felony and subsequent deportation.

For the first time on appeal, Gutierrez argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Gutierrez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Gutierrez's conviction and sentence are therefore AFFIRMED.

The Government concedes that the judgment incorrectly reflects conviction under 8 U.S.C. § 1326(a) & (b)(2), which requires deportation subsequent to conviction for an aggravated felony. Both parties agree that the offense of conviction was

illegal reentry following deportation subsequent to conviction for a felony, not an aggravated felony, and that the statutory basis is 8 U.S.C. § 1326(a) & (b)(1).  Accordingly, remand is appropriate pursuant to FED. R. CRIM. P. 36 for the limited purpose of correcting the judgment to reflect the appropriate statutory basis.  See, e.g., United States v. Johnson, 588 F.2d 961, 964 (5th Cir. 1979).

REMANDED FOR LIMITED PURPOSE OF CORRECTING CLERICAL ERROR IN JUDGMENT.