United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-20268
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADALBERTO GARZA-GARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-195-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adalberto Garza-Garza appeals his conviction for illegal reentry of a deported alien following deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Garza-Garza raises two challenges to his conviction, both of which he concedes are foreclosed by this circuit's precedent. He also requests that this court remand for a correction of the judgment of his conviction, which contains a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clerical error indicating that he pleaded guilty when in fact he was found guilty after a bench trial.

Garza-Garza first argues that the deportation order underlying his 8 U.S.C. § 1326 conviction was obtained in violation of his due process rights and that the district court erred by denying his motion to dismiss the indictment on that basis. According to Garza-Garza, his removal proceeding was fundamentally unfair because the immigration judge did not correctly inform him of his eligibility to apply for discretionary relief pursuant to Immigration and Nationality Act § 212(c). In United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003), this court held that an immigration judge's failure to inform an alien at his removal hearing of his eligibility for Immigration and Nationality Act § 212(c) relief does not rise to the level of fundamental unfairness necessary to successfully challenge a deportation order. Garza-Garza's argument that his deportation order cannot be used to support his conviction under 8 U.S.C. § 1326 is therefore foreclosed.

Garza-Garza next challenges his conviction by arguing that use of the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) as sentencing factors is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that this argument is also foreclosed, but raises it to preserve it for further review. In Almendarez-Torres v. United States, 523

U.S. 224, 228-47 (1998), the Supreme Court held that the sentencing provisions in § 1326(b) were not unconstitutional. Garza asserts that Almendarez-Torres has been called into doubt by Apprendi.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  Thus, this argument is also foreclosed by circuit precedent.

Garza pleaded not guilty and was convicted in a bench trial on stipulated facts.  The written judgment erroneously states that Garza pleaded guilty.  Garza requests that this court remand the case to the district court so that the district court can correct this error.  The Government concedes that this court should remand for correcting the clerical error.  The case is therefore REMANDED for correction of the clerical error.  FED. R. CRIM. P. 36; United States v. Johnson, 588 F.2d 961, 964 (5th Cir. 1979).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.