United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41528
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO PEREZ-ROBLEDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-465-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rogelio Perez-Robledo (Perez) appeals the sentence imposed upon his guilty-plea conviction for attempted illegal reentry after deportation subsequent to conviction for an aggravated felony. However, Perez knowingly and voluntarily waived his appellate rights, the Government seeks to enforce the waiver, Perez's sentencing claim does not fall within any of the exceptions to the appeal waiver, and the plain language of the waiver bars this appeal. See United States v. Story, 439 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

226, 230-31 (5th Cir. 2006); United States v. Bond, 414 F.3d 542, 546 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005).

Although Perez's claim is barred, there is a clerical error in the judgment that requires remand. See United States v. Johnson, 588 F.2d 961, 964 (5th Cir. 1979). The judgment of conviction indicates that the offense to which Perez pleaded guilty was illegal reentry rather than the separate and distinct offense of attempted illegal reentry. See United States v. Angeles-Mascote, 206 F.3d 529, 531-32 (5th Cir. 2000). The indictment and the guilty-plea-hearing transcript reveal that Perez pleaded guilty to attempted illegal reentry following deportation subsequent to conviction for an aggravated felony. See 8 U.S.C. § 1326(b). Accordingly, the judgment is affirmed, and this case is remanded for the limited purpose of correcting the clerical error in the judgment. See FED. R. CRIM. P. 36.

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECTING CLERICAL ERROR IN JUDGMENT.