IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30417
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

TERRY PIGOTT

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:93-CR-157-1

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Terry Pigott appeals the sentence imposed after revocation of his supervised release. He asserts that the district court erred in determining that his underlying conduct constituted second degree battery under Louisiana law because the court used the wrong mens rea standard. Pigott also maintains that under the correct mens rea standard, the evidence was insufficient to establish his specific intent to cause serious harm to his victims. Pigott has not established reversible error on the part of the district court. See 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3583(e)(3); LA. REV. STAT. ANN. 14:10(1), 14:34.1; State v. Kirkland, 962 So. 2d 1173, 1177 (La. Ct. App. 2007). Therefore, the district court properly ascertained that Pigott's offense was a Grade A supervised release violation. His concurrent sentences of 37 months and 24 months in prison are within the applicable advisory guideline ranges and are therefore presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Although the district court properly ascertained the grade of supervised release violation, there is a clerical error in the judgment that requires remand. See United States v. Johnson, 588 F.2d 961, 964 (5th Cir. 1979). The district court imposed a 24-month sentence for revocation of supervised release on a charge that Pigott possessed a firearm with an obliterated serial number. This conviction, however, was vacated on direct appeal, and upon remand the district court granted the Government's motion to dismiss this count. Accordingly, the judgment is AFFIRMED, and this case is REMANDED for the limited purpose of correcting the oversight error in the judgment. See FED. R. CRIM. P. 36.