# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-40888
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS CAMPOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-500-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Campos appeals his guilty-plea conviction and sentence for being unlawfully present in the United States after having been removed previously. He argues that the district court committed reversible plain error by entering a judgment reflecting that he was convicted of an offense under 8 U.S.C. § 1326(b)(2) because he did not have a prior conviction that qualified as an "aggravated felony." He also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Campos correctly concedes that review of his first argument is for plain error. See FED. R. CRIM. P. 52(b); United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978). To obtain relief, he must show that the district court committed (1) an error (2) that is clear or obvious and (3) that affects his substantial rights. See United States v. Olano, 507 U.S. 725, 732–34 (1993). If Campos makes this showing, then the decision to correct the error is within this court's discretion. Id. The maximum penalty for unlawful reentry of an alien whose removal was subsequent to, inter alia, a prior felony conviction, is 10 years. § 1326(b)(1). The maximum penalty for unlawful reentry of an alien whose removal was subsequent to, inter alia, a prior aggravated felony conviction, is 20 years. § 1326(b)(2). An "aggravated felony" is defined in relevant part as a crime of violence for which the punishment is no less than one year of imprisonment. 8 U.S.C. § 1101(a)(43)(F).

The presentence report reflects that Campos has only one prior felony conviction—that being for attempted robbery. The trial court sentenced Campos to 75 days of imprisonment and five years of probation on the attempted robbery charge. Thus, Campos's prior felony conviction is not a qualifying "aggravated felony" for purposes of § 1326(b)(2). See § 1101(a)(43)(F). Because Campos does not have a qualifying prior "aggravated felony" conviction, he cannot be convicted under § 1326(b)(2). Accordingly, the district court committed a clear or obvious error when it entered a judgment reflecting that Campos was convicted pursuant to § 1326(b)(2).

Nevertheless, Campos is not entitled to resentencing because he cannot show that the district court's error affected his substantial rights. See Olano, 507 U.S. at 732–34. First, no record evidence exists to support the proposition that the district court's sentence was influenced by an incorrect understanding of the statutory maximum sentence in this case. And second, the sentence imposed was within a properly calculated guidelines range—which Campos does not contest—and the sentence was below the statutory maximum of 10 years of

2

imprisonment under the correct subsection of § 1326(b).  As a result, the district court did not commit reversible plain error.  See Olano, 507 U.S. at 732–34.  The judgment, however, is modified in accordance with this opinion to reflect a conviction pursuant to § 1326(b)(1).  See United States v. Castro-Trevino, 464 F.3d 536, 543 n.16, 547 (5th Cir. 2006).

In light of Apprendi, Campos also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

Accordingly, the district court's judgment is AFFIRMED, as modified.