# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-40143
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADELMO ISIDRO ROSALES-VELASQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1106-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Adelmo Isidro Rosales-Velasquez (Rosales) challenges his 63-month sentence for illegally reentering the United States following removal. He asserts that the district court plainly erred by entering a judgment reflecting that he was convicted under 8 U.S.C. § 1326(b)(2) when he did not have a prior conviction that qualified as an "aggravated felony."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rosales correctly concedes that review is for plain error. See FED. R. CRIM. P. 52(b); United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007), cert. denied, 128 S.Ct. 2959 (2008). To show plain error, he must show an error that is clear or obvious and that affects his substantial rights. See United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). "An error affects substantial rights if it affect[s] the outcome of the district court proceedings." Id. at 333 (internal quotation marks omitted). If Rosales makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. See id.

The maximum penalty for unlawful reentry of an alien whose removal was subsequent to a prior felony conviction is 10 years. § 1326(b)(1). The maximum penalty for unlawful reentry of an alien whose removal was subsequent to a prior aggravated felony conviction is 20 years. § 1326(b)(2). An "aggravated felony" is defined in relevant part as a crime of violence for which the punishment is no less than one year of imprisonment. 8 U.S.C. § 1101(a)(43)(F).

Rosales's prior felony conviction for robbery is not an "aggravated felony" for purposes of § 1326(b)(2) because he was sentenced to only 90 days. See § 1101(a)(43)(F). Accordingly, the district court committed a clear or obvious error when it entered a judgment reflecting that he was convicted pursuant to § 1326(b)(2). See United States v. Campos, 277 F. App'x 505, 506 (5th Cir. 2008). However, Rosales fails to show that the error affected his substantial rights because there is no indication in the record that the district court's sentencing determination was influenced by an incorrect understanding of the statutory maximum sentence. Moreover, his sentence falls below the statutory maximum of 10 years under the correct subsection of § 1326(b). As a result, there was no reversible plain error. See Baker, 538 F.3d at 333. The judgment, however, is modified in accordance with this opinion to reflect a conviction pursuant to § 1326(b)(1). See United States v. Castro-Trevino, 464 F.3d 536, 543 n.16, 547 (5th Cir. 2006).

Rosales also asserts that the district court plainly erred by enhancing his sentence under U.S.S.G. § 2L1.2. He asserts that the court relied solely upon the presentence report to determine that his prior robbery offense was a crime of violence when the definition of his robbery offense is broader than the ordinary, contemporary, and common meaning of the enumerated offense of robbery under § 2L1.2. The Government asserts that Rosales waived any objection to the enhancement.

"[W]aiver is the intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993)(internal quotation marks omitted). An attorney may waive his client's objection under the Guidelines so long as the record suggests that counsel made a knowing, conscious choice to forgo the objection. See United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006). Waiver extinguishes any error by the district court, Olano, 507 U.S. at 733, because the court cannot be expected to override the intentions of defense counsel and to assert a right on the defendant's behalf sua sponte. United States v. Reveles, 190 F.3d 678, 683 (5th Cir. 1999). Counsel's statement to the court during sentencing that he had discussed the crime of violence enhancement with the probation officer, reviewed the applicable caselaw, and determined that Rosales's prior offense was "sufficient to enhance him the 16 levels" constituted waiver. See Arviso-Mata, 442 F.3d at 384.

Lastly, Rosales asserts that he received ineffective assistance of counsel because his attorney failed to object to the application of § 1326(b)(2) and to the crime of violence enhancement. Because the record has not been developed sufficiently for us to evaluate this claim fully, we decline to address it on direct appeal. See United States v. Gordon, 346 F.3d 135, 136-37 (5th Cir. 2003). The judgment of the district court is AFFIRMED AS MODIFIED.