# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2010

Lyle W. Cayce
Clerk

No. 09-40621
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER GARCIA-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-180-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Garcia-Ramirez pleaded guilty without an agreement to one count of being unlawfully present in the United States in violation of 8 U.S.C. § 1326. The district court sentenced him to 77 months in prison, at the low end of the guidelines range of 77 to 96 months. Garcia-Ramirez now appeals.

Garcia-Ramirez first contends that the district court committed procedural error by failing to give adequate reasons for rejecting his arguments for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonguidelines sentence and by failing to give proper consideration to the 18 U.S.C. § 3553(a) factors, in particular, the mitigating effect of his alcohol abuse and his need for treatment. As he raised no objection on either of these grounds, we review for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The record indicates that the court heard and considered Garcia-Ramirez's arguments and the relevant factors. The court then gave detailed reasons tied to appropriate factors for choosing a sentence within the guidelines range and rejecting the request for a variance. Reasons more minimal than these have been deemed legally sufficient. *See Rita v. United States*, 551 U.S. 338, 358–59 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525–26 (5th Cir. 2008). We discern no error—and certainly no obvious error for purposes of plain error review—in the court's reasons or consideration of the § 3553(a) factors. In addition, Garcia-Ramirez has failed to demonstrate that any error affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 364-65.

Garcia-Ramirez next challenges the substantive reasonableness of his sentence. Although he made specific arguments in the district court that the guidelines range was greater than necessary to satisfy the § 3553(a) factors, he did not object to the sentence imposed as unreasonable. We need not reach his contention that plain error review should not apply, *cf. United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007), as he has failed to show error under the ordinary standard.

Garcia-Ramirez contends that double-counting of his convictions under both U.S.S.G. § 2L1.2 and his criminal history results in an excessive sentence, and that it is "perverse" to impose a greater sentence for illegal reentry than for his prior cocaine-trafficking offenses. However, the district court was within its discretion in rejecting these policy-based arguments. *See Mondragon-Santiago*, 564 F.3d at 366–67. Further, the court took the alleged sentencing disparity into account by sentencing Garcia-Ramirez at the bottom of the range rather than at

the top. He also contends that his alcohol abuse was a mitigating factor and that his criminal history was overstated because his convictions were caused by his alcohol abuse. The court plainly did not agree and believed that Garcia-Ramirez's pattern of criminal behavior suggested a likelihood of recidivism. We cannot say that was an abuse of discretion. In sum, we conclude that Garcia-Ramirez has not rebutted the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 2010 WL 637943 (Mar. 22, 2010) (No. 09-9216).

Garcia-Ramirez also challenges our plain error standard for evaluating whether failure to give reasons affects substantial rights; the application of plain error to his substantive reasonableness challenge; and the application of the presumption of reasonableness to sentences enhanced under U.S.S.G. § 2L1.2, which he contends is penologically flawed. To the extent that these arguments are not obviated by our prior discussion, they are foreclosed. *See Mondragon-Santiago*, 564 F.3d at 364–67; *Peltier*, 505 F.3d at 391–92. Garcia-Ramirez concedes as much and raises them to preserve them for further review.

Finally, the parties agree that the district court erred by entering a judgment of conviction and sentence pursuant to 8 U.S.C. § 1326(b)(2), because the Government did not establish for purposes of the statute that Garcia-Ramirez had a prior conviction for an aggravated felony as opposed to a felony. Accordingly, we modify the judgment to reflect a conviction under 8 U.S.C. § 1326(b)(1), and we remand to the district court for the limited purpose of correcting the written judgment to reflect this modification.

AFFIRMED AS MODIFIED; LIMITED REMAND FOR CORRECTION OF JUDGMENT.

3