**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2012

Lyle W. Cayce
Clerk

No. 11-20713
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER RUIZ LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-369-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

The counsel appointed to represent Francisco Javier Ruiz Lopez on appeal has filed a motion to withdraw and a brief that relies on *Anders v. California*, 386 U.S. 738 (1967).  Ruiz Lopez has not filed a response.

Ruiz Lopez pleaded guilty to the count of an indictment that charged him with conspiring to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 100 kilograms or more of marijuana.  The plea was entered pursuant to a written

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement that obligated Ruiz Lopez to plead guilty to the cocaine element in count 1 but made no mention of the marijuana element in that count. In the plea agreement, Ruiz Lopez waived the right to appeal the sentence imposed or the manner in which it was determined; he did not waive the right to appeal his conviction. The district court sentenced Ruiz Lopez to 136 months of imprisonment. The judgment states that Ruiz Lopez was found guilty of committing both the cocaine and the marijuana elements of the offense charged in count 1.

Ruiz Lopez did not plead "voluntarily with an understanding of the nature of the [marijuana] charge." *McCarthy v. United States*, 394 U.S. 459, 467 (1969)(internal quotation marks and citation omitted). Indeed, the parties did not believe that the marijuana charge was even part of the plea. By its terms, the agreement included only the cocaine charge, as was made clear by the Government in its objections to the presentence report  Although the district court overruled those objection as untimely and alternatively because it found that Ruiz Lopez's involvement with marijuana constituted relevant conduct, the relevant conduct finding pertained to sentencing only and was based merely on a preponderance of the evidence and not on an admission of guilt by Ruiz Lopez or on other proof beyond reasonable doubt concerning the marijuana element of count 1. Ruiz Lopez did not, of course, have an opportunity to object to the written judgment. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

We may remand for entry of appropriate judgment by the district court. 28 U.S.C. § 2106; *see also* FED. R. CRIM. P. 36. We have previously noted sua sponte that we must remand for the purpose of correcting irregularities contained in the judgment. *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979). Therefore, we REMAND this case for the limited purpose of correcting the judgment to delete any reference to marijuana and to show that Ruiz Lopez was convicted only of conspiracy to possess with intent to distribute five

kilograms or more of a mixture and substance containing a detectable amount of cocaine.  We retain jurisdiction of the case for all other purposes and DIRECT that the case be returned to this court upon compliance with the remand order. Counsel's motion to withdraw is CARRIED WITH THE CASE.