# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2012

No. 11-50605
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BONGANI CHARLES CALHOUN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-351-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bongani Charles Calhoun appeals his convictions and sentences for conspiracy to possess with intent to distribute five kilograms or more of cocaine, attempt to possess with intent to distribute five kilograms or more of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. Calhoun first argues that he is entitled to a new trial because the prosecutor asked a highly prejudicial and racially inflammatory question while cross-examining him and raised the sentiment again during the Government's closing argument. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

question in dispute was, "You've got African-Americans, you've got Hispanics, you've got a bag full of money.  Does that tell you—a light bulb doesn't go off in your head and say, This is a drug deal?"  Calhoun responded, "No, sir."

Plain error review applies to this issue, as Calhoun did not object to the prosecutor's question or the prosecutor's explanation of the question in his closing argument.  *See United States v. Gracia*, 522 F.3d 597, 599-600 (5th Cir. 2008).  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  In the context of improper prosecutorial remarks, the substantial rights prong "sets a high bar," with the determinative question being "whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict."  *United States v. Morin*, 627 F.3d 985, 1000 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2126 (2011) (internal quotation marks and citation omitted).  In answering that question, we consider "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction."  *United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007) (internal quotation marks and citation omitted).  If Calhoun meets his burden under the first three prongs of the plain error standard, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Gracia*, 522 F.3d at 600.

Calhoun has not satisfied his burden.  First, the improper racial overtone of the question was isolated, and the prosecutor moved on to another line of questioning after Calhoun responded negatively to the question.  *See Morin*, 627 F.3d at 1000.  The prosecutor's remarks in his closing argument were made in response to defense counsel's reference of the question and focused on the presence of the large sum of money rather than the race of the participants.

Second, the prejudicial effect of the prosecutor's remarks was mitigated by the district court's instruction to the jury that the statements and arguments of

the attorneys were not evidence and that the verdict must be based only on the evidence. *See id.* At defense counsel's request, the district court had also ensured during jury selection that no juror felt that he or she would be influenced by the fact that Calhoun was African-American.

Third, the evidence against Calhoun was strong, as the testimony of several witnesses indicated that he was a knowing participant in the drug transaction. Although Calhoun testified that he was not aware of the drug transaction, his testimony also established that the other participants knowingly displayed over $400,000 in cash in front of him and brought him to the scene of their planned drug purchase. Calhoun's argument is unavailing, as the prosecutor's remarks do not "cast serious doubt on the correctness of the jury's verdict." *See id.*

Calhoun also contends that his sentences totaling 180 months of imprisonment are unreasonable because the district court failed to consider under 18 U.S.C. § 3553(a)(6) the disparity between Calhoun's sentences and those of his co-participants in the attempted drug transaction. For each conviction, the district court sentenced Calhoun to the relevant statutory minimum term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 846; 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). Because the district court lacked the power to sentence Calhoun below those statutory minimums, his challenge to his sentence is unavailing. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

Although neither party has noted an error in the written judgment, the written judgment indicates that Calhoun received concurrent five-year terms of supervised release on all three of his convictions while the district court orally pronounced concurrent five-year terms of supervised release on Calhoun's two drug convictions and a concurrent three-year term of supervised release for his firearm conviction. Where there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement prevails.

3

*United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). Accordingly, the judgment is AFFIRMED, and the case is REMANDED for the limited purpose of correcting the clerical error in the judgment. *See* FED. R. CRIM. P. 36; *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

HAYNES, Circuit Judge, concurring:

I concur fully in the majority opinion.  Specifically, I agree that Calhoun has not shown reversible plain error as a result of the prosecutor's remarks. That said, I write separately to express deep concern about this conduct.

First, it should be very clear (certainly to a lawyer licensed thirty-seven years in Texas) that such racially-charged comments are completely inappropriate for any lawyer.  TEX. DISCIPLINARY RULES OF PROF'L CONDUCT R. 5.08.  Next, it is particularly inappropriate for an Assistant United States Attorney – a prosecutor – to behave this way.  Prosecutors are held to a higher standard than even the high professional standards applicable to all attorneys. *Berger v. United States*, 295 U.S. 78, 88 (1935); *see also* TEX. DISCIPLINARY RULES OF PROF'L CONDUCT R. 3.09, cmt. 1 ("A prosecutor has the responsibility to see that justice is done, and not simply to be an advocate.").  "The United States Attorney is the representative . . . of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done. . . . He may prosecute with earnestness, . . . [b]ut, while he may strike hard blows, *he is not at liberty to strike foul ones.*" *Berger*, 295 U.S. at 88 (emphasis added).  It is hard to think of a more foul blow than implying that the race or national origin of a group of people has anything to do with whether Calhoun should have known they were involved in dealing drugs.

Finally, perhaps the most troubling of all is how the United States Attorney's Office has handled this matter thereafter.  While I do not fault the determination to argue in favor of sustaining the verdict, I am dismayed by the cavalier approach to this situation.  The Government's brief calls the question "impolitic" and states: "even assuming the question crossed the line," as if that is in doubt.  Let me clear up any confusion – the question crossed the line.  An apology is in order, and I do not see it in the briefing.  Indeed, it should trouble the Assistant United States Attorney in question and all those in his office not just that he said such a thing, but that he thought it.  The title "prosecutor"–

5

indeed, the title "lawyer" –  demands better.  I hope I will not have to say this again.