# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2012

No. 11-20375

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN HERMOSO, also known as Martin S. Hermoso, also known as
Martin Hermoso-Sedano, also known as Martin Sedano Hermoso,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CR-451

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Martin Hermoso pleaded guilty of being found illegally present in the
country after having been previously deported for committing an aggravated fel-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20375

ony in violation of 8 U.S.C. § 1326(a) and (b)(2).  He appeals the sentence, and we affirm.

## I.

The district court adopted the presentence report ("PSR"), which noted that, under 8 U.S.C. § 1326(b)(2), the conviction carried a maximum term of 20 years.  The PSR correctly calculated that Hermoso's sentencing guideline range was 41-51 months, but the district court gave 40 months.  Hermoso argues that the district court erroneously convicted him of being illegally present after having committed an aggravated felony under 8 U.S.C. § 1326(b)(2), because his six-month Ohio conviction of gross sexual imposition does not qualify as an aggravated felony under the statute.  Instead, Hermoso argues, he should have been convicted under subsection (b)(1) of that statute, a different penalty provision for the same crime.  Because Hermoso did not raise this objection in the district court, our review is for plain error.  *United States v. Delgado*, 672 F.3d 320, 328 (5th Cir. 2012) (en banc).

## II.

As the government concedes, Hermoso's conviction under OHIO REV. CODE § 2907.05(A)(1) does not qualify as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2), because 8 U.S.C. § 1101(a)(43)(F) defines an "aggravated felony," as relevant to this case, as a crime of violence for which the term of imprisonment is at least one year, whereas Hermoso's conviction of gross sexual imposition carried a term of only six months.  Nor does Hermoso's conviction qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), because the Ohio offense cannot be categorically defined as "murder, rape, or sexual abuse of a minor."  The Ohio Code § 2907.05(A)(1) criminalizes "sexual contact with another" where "[t]he offender purposely compels the other person . . . to submit by force

No. 11-20375

or threat of force." The Ohio Code defines "sexual contact" as "touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." OHIO REV. CODE § 2907.01(B). Thus, the statutory provision under which Hermoso was convicted cannot be said categorically to be "rape" or "sexual abuse of a minor."[1]

Accordingly, Hermoso should have been convicted under 8 U.S.C. § 1326-(b)(1), which criminalizes being unlawfully present after having committed a "felony (other than an aggravated felony)," rather than under § 1326(b)(2). Subsection (b)(1) imposes a maximum sentence of 10 years, and subsection (b)(2) imposes a maximum of 20 years. Nevertheless, the guidelines calculation in the PSR and accepted by the district court—41-51 months—remains unchanged, and the below-guideline sentence of 40 months is well below the 10-year maximum penalty under the correct statutory provision. Thus, although Hermoso has shown clear and obvious error, he correctly concedes that the error likely did not affect his sentence and thereby his substantial rights, so this issue fails on the third prong of plain error review.[2]

Despite acknowledging that resentencing is inappropriate, Hermoso asks us to remand for reformation of the judgment to reflect conviction of the correct crime, noting that being convicted under subsection (b)(2) rather than (b)(1) carries a greater stigma and possibility of greater future punishment if convicted

---

[1] *See Perez-Gonalzez v. Holder*, 667 F.3d 622, 625-27 (5th Cir. 2012) (narrowly defining rape for purposes of § 1101(a)(43)(A), specifically not including digital penetration); *cf.* OHIO REV. CODE § 2907.01(A) (defining "[s]exual conduct" as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.").

[2] *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

3

No. 11-20375

of another crime.[3] Even on plain-error review, we have corrected such errors in the judgment, either by directing the district court to do so on remand[4] or by amending the judgment ourselves.[5] The parties dispute which course we should take. By statute this court can "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. The best reading of the statute confers discretion either to reform the judgment or to remand for the district to do so.

We choose the former. The judgment of sentence is AFFIRMED as modified to reflect a conviction under 8 U.S.C. § 1326(b)(1).

---

[3] *See* 8 U.S.C. § 1101(a)(43)(O) (considering a conviction for a § 1326 violation on the basis of an aggravated felony as itself an aggravated felony).

[4] *See, e.g.*, *United States v. Garcia-Ramirez*, 379 F. App'x 374, 376 (5th Cir.), *cert. denied*, 131 S. Ct. 369 (2010); *United States v. Jimenez-Laines*, 342 F. App'x 978, 979 (5th Cir. 2009); *United States v. Gutierrez-Garrido*, 75 F. App'x 231, 231-32 (5th Cir. 2003).

[5] *See, e.g.*, *Mondragon-Santiago*, 564 F.3d at 369; *United States v. Rosales-Velasquez*, 307 F. App'x 832, 833-34 (5th Cir. 2009); *United States v. Campos*, 277 F. App'x 505, 506 (5th Cir. 2008).