# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50304
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO VILLA SEPEDA, also known as Kike,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-641-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Ricardo Villa Sepeda (Sepeda) challenges the substantive reasonableness of the sentence imposed for his convictions for one count of conspiracy to possess with intent to distribute cocaine and one count of possession with intent to distribute cocaine. He was sentenced within the guidelines range to 87 months of imprisonment and three years of supervised release on each count to run concurrently. Because Sepeda failed to object to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50304

an error at sentencing, we conduct a plain error review. *Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Sepeda contends that the drug trafficking Guideline, U.S.S.G. § 2D1.1, produces a guidelines range that is greater than necessary in a mine-run case such as his because it is not based on empirical data and assumes that a larger quantity of drugs indicates greater culpability. Sepeda further contends that his sentence does not account for his history and characteristics, i.e., his mental health issues and lack of education.

The district court was not required to question the empirical grounding behind § 2D1.1. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). The drug quantity and Sepeda's history and characteristics were before the district court, yet the district court imposed a sentence within the guidelines range. We have recognized that "the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Sepeda has not demonstrated that the district court failed to give the proper weight to any particular § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, he has failed to rebut the presumption of reasonableness that is accorded to his within-guidelines sentence. *See id.*

In addition, although neither party addresses the issue, the written judgment incorrectly reflects that with respect to count three of the indictment, Sepeda pleaded guilty to possession with intent to distribute more than 500 grams of cocaine. The record indicates that Sepeda was charged with, and

pleaded guilty to, possession with intent to distribute less than 500 grams of cocaine.

A clerical error arises where "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia–Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (citations and internal quotation marks omitted).  This court has noted sua sponte that it must remand for the purpose of correcting irregularities contained in the judgment.  *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979) (citing FED. R. CRIM. P. 36).

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and REMANDED for the limited purpose of correcting the written judgment to correctly identify the offense of conviction.