# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51400
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ENRIQUE MARTINEZ-ALEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-37-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Jaime Enrique Martinez-Aleman is serving a 121-month sentence after he conditionally pleaded guilty to possessing intending to distribute 50 grams or more of methamphetamine and 50 grams or more but less than five kilograms of cocaine. Border patrol agents found the drugs in the engine of Martinez-Aleman's truck after an agent stopped him during a roving border

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

patrol.  Martinez-Aleman argues that the district court erred in denying his motion to suppress this evidence, contending that the agent who stopped his truck lacked reasonable suspicion that it was involved in illegal activity.  We review de novo the court's decision to deny the motion, viewing the evidence in the light most favorable to the Government, the prevailing party.  *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015).

In light of the applicable factors, the totality of the circumstances supports the finding that the agent had reasonable suspicion to stop Martinez-Aleman's truck.  *See United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975); *Cervantes*, 797 F.3d at 329.  The agent had been told that Martinez-Aleman's truck had recently crossed the border into the United States, and proximity to the border is "[o]ne of the vital elements in the reasonable suspicion test." *United States v. Jacquinot*, 258 F.3d 423, 428 (5th Cir. 2001).  Though Martinez-Aleman contends that the fact that the truck had passed through the border and a checkpoint without arousing suspicion cuts against a finding of reasonable suspicion, he offers no support for this proposition.  In any event, the testimony at the suppression hearing reflected that it is common for agents to seize contraband from vehicles that have successfully passed through a port of entry and checkpoints and that it was not uncommon for drug sniffing dogs at checkpoints to miss drugs secreted in vehicles.

Testimony at the hearing also established that Highway 67, where the agent encountered Martinez-Aleman, is a drug and alien smuggling route and that there had been an uptick in illegal activity on this road in recent years.  Indeed, we have characterized that portion of Highway 67 as a "notorious smuggling route," noting its "notorious and isolated character." *United States v. Gonzalez*, 190 F.3d 668, 672 (5th Cir. 1999) (internal quotation marks and citation omitted).  Furthermore, the experience of the agents, which was

No. 16-51400

extensive, is entitled to "significant weight." *United States v. Ramirez*, 839 F.3d 437, 440 (5th Cir. 2016).

Martinez-Aleman's unusual driving behavior further supports the legality of the stop. *See Cervantes*, 797 F.3d at 329. When an agent first encountered Martinez-Aleman, he was driving approximately 20 to 30 miles per hour below the speed limit, which was suspicious. *See United States v. Samaguey*, 180 F.3d 195, 199 (5th Cir. 1999). After the agent began following Martinez-Aleman, his behavior suggested that he was trying to evade the agent. Martinez-Aleman pulled off the road into an obviously abandoned gas station. Immediately after the agent passed the gas station, Martinez-Aleman pulled away at a great enough speed that the agent had to accelerate quickly to keep up with him after the agent circled the block. Later, Martinez-Aleman made another evasive turn. Obvious attempts to evade agents can contribute to reasonable suspicion supporting a stop. *Brignoni-Ponce*, 422 U.S. at 885.

Given the totality of the circumstances, there was reasonable suspicion for the stop, and the district court did not err in denying the motion to suppress. *See Cervantes*, 797 F.3d 326, 328-29. Though some of Martinez-Aleman's actions were arguably consistent with innocent conduct, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 277 (2002).

The written judgment correctly states that Martinez-Aleman pleaded guilty to counts one and two in the indictment; however, it identifies only the offense in count one and omits the second count involving cocaine. The case is therefore remanded for the limited purpose of correcting the clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

AFFIRMED; REMANDED FOR CORRECTION OF JUDGMENT.