# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40626
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE PAREDES, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-329-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Rene Paredes, Jr., was convicted following a jury trial of one count of conspiracy to transport illegal aliens, four counts of transportation of an illegal alien on May 16, 2017, and four counts of transportation of an illegal alien on September 11, 2017. Paredes was sentenced to a total of 70 months of imprisonment and three years of supervised release. He concedes the evidence was sufficient to convict him of transporting illegal aliens on May 16, 2017. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges his convictions for conspiracy (Count One) and for transporting illegal aliens on September 11, 2017 (Counts Six through Nine), arguing the evidence was insufficient to support those convictions.

We review properly preserved insufficiency-of-the-evidence claims de novo. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). Both parties assert that Paredes did not preserve his sufficiency challenge and that our review is for plain error. Because the evidence here is sufficient under the de novo standard, we need not review for plain error. We defer substantially to the jury verdict, view the evidence in the light most favorable to the Government, and ask only whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Chon*, 713 F.3d at 818. The jury may choose among reasonable constructions of the evidence, and evidence may be direct or circumstantial. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).

With respect to his conspiracy conviction, Paredes argues that the evidence was insufficient to show that he reached an agreement with "at least one other person" to smuggle aliens. The evidence, particularly the surveillance of Paredes and others before he drove his tractor-trailer with aliens hidden inside to a border patrol checkpoint, viewed in favor of the verdict, was sufficient to prove that Paredes agreed with at least one other person to smuggle aliens as charged. *See Chon*, 713 F.3d at 818-19.

Paredes further argues that the evidence was insufficient to show that he knew of the illegal aliens' presence in his trailer on September 11, 2017, or recklessly disregarded their presence, before driving to the checkpoint. Given the aliens' testimony about their respective journeys, Paredes's employer's testimony, and Paredes's conduct with respect to smuggling aliens on May 16, 2017, a rational jury could have found beyond a reasonable doubt the

No. 18-40626

knowledge element of Paredes's September 11, 2017 transportation offense. *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002).

In light of the foregoing, there was sufficient evidence for a rational jury to find Paredes guilty on the conspiracy and transportation counts he has challenged. *See Chon*, 713 F.3d at 818. The parties note, however, that the judgment contains a typographical error, transposing "(A)(v)" in the citation of one of the statutes of conviction for Counts Two through Nine: 8 U.S.C. § 1324(a)(1)(A)(v)(II). Accordingly, we REMAND the case for the limited purpose of the district court's entry of a corrected judgment. *See* FED. R. CRIM. P. 36; *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979). We otherwise AFFIRM.