**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Michael SAHAKIAN,**
**Defendant–Appellant.**

No. 00–15171.

D.C. No. CV–97–05149–REC.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Federal prisoner David Michael Sahakian appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2255, and affirm.

■ Sahakian contends trial counsel provided by ineffective assistance by failing to present sufficient evidence to establish a justification defense. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Sahakian's contention is without merit. On direct appeal, this court, relying upon *United States v. Lemon,* 824 F.2d 763, 765 (9th Cir.1987), affirmed the trial court's exclusion of Sahakian's justification defense. *See United States v. Sahakian,* 965 F.2d 740, 741 (9th Cir.1992), *aff'd after remand,* 15 F.3d 1094 (9th Cir.1994) (mem.). The evidence now proffered by Sahakian, even if it had been presented by trial counsel at the motion in limine hearing, would not have altered the district court's ruling. *See United States v. Wofford,* 113 F.3d 977, 980 (9th Cir.), *amended on other grounds by* 122 F.3d 787 (9th Cir.1997) (citing *Sahakian,* 965 F.2d at 741). As such, trial counsel's performance was not deficient. *See Strickland,* 466 U.S. at 687–88.

Sahakian contends the district court abused its discretion in denying his section 2255 motion without the benefit of an evidentiary hearing. Sahakian's contention is without merit. In denying Sahakian's habeas petition, the district court assumed Sahakian's allegations were true, but still found that his evidence did not demonstrate ineffective assistance. *See United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994) (concluding in deciding whether a hearing is necessary, the district court should assume a defendant's allegations are true and determine whether the defendant would prevail).

■ Sahakian contends the district court abused its discretion by denying his requests to make a "statement" to the court. Sahakian never objected to his counsel's performance, despite the opportunity to do so, nor did he ever move for substitute counsel. Whether the trial court erred by denying Sahakian an opportunity to object to his trial counsel's performance is reviewed for an abuse of discretion. *See United States v. Nash,* 115 F.3d 1431, 1440 (9th Cir.1997). Sahakian's contention is without merit. The district court did not abuse its discretion in temporarily removing Sahakian from the courtroom and then denying him the opportunity to make a statement. *See Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (holding rights may be waived through defendant's disruptive con-

---

duct); *Badger v. Cardwell,* 587 F.2d 968, 970–71 (9th Cir.1978) (same).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.