# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40257
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVAN CABRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1549

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ivan Cabrera appeals the sentence imposed following his guilty plea conviction for conspiracy to harbor undocumented aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), § 1324(a)(1)(A)(iii), and § 1324(a)(1)(B)(i). Cabrera challenges the district court's assessment of offense-level enhancements under U.S.S.G. § 2L1.1(b)(2)(B) and § 2L1.1(b)(5)(B), and an adjustment for an aggravating role under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40257

§ 3B1.1(c).   We review the district court's application of the Sentencing
Guidelines de novo and its factual findings for clear error.  *United States v.
Villanueva*, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005).   As long as a factual
finding is plausible in light of the record as a whole, it is not clearly erroneous
and should be upheld.  *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir.
2013).

"A presentence report generally bears sufficient indicia of reliability to
be considered as evidence by the sentencing judge in making factual
determinations."  *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)
(internal quotation marks and citation omitted).   The defendant has the
burden of presenting evidence to show that the facts in the presentence report
(PSR) are "inaccurate or materially untrue."  *United States v. Cervantes*, 706
F.3d 603, 620-21 (5th Cir. 2013) (internal quotation marks and citations
omitted).  Absent such rebuttal evidence, a sentencing court may rely on the
PSR and adopt its factual findings.  *Alaniz*, 726 F.3d at 619.

Addressing the enhancement under § 2L1.1(b)(2)(B) for smuggling,
harboring, or transporting 25 to 99 aliens, Cabrera highlights differing
testimony from witnesses and the lack of clarity regarding the district court's
calculation of the number of aliens discovered at the apartment.  Witness
testimony and statements corroborated the information in the PSR.  Cabrera
did not present any evidence to rebut the reliability of the PSR or the witness
testimony.   Based on the record, the district court did not clearly err in finding
that the offense involved 25 to 99 aliens.  *See United States v. Ekanem*, 555
F.3d 172, 175 (5th Cir. 2009).

Cabrera also contends that there was insufficient evidence to support an
enhancement for brandishing a dangerous weapon under § 2L1.1(b)(5)(B).  He
argues that the PSR relied on irrelevant and unreliable evidence in making its

recommendation for the enhancement.  Cabrera has not offered any evidence to establish that the PSR contained inaccurate or materially untrue facts regarding the brandishing of a weapon.  Although agents did not recover a gun from Cabrera at the time of his arrest, various witnesses testified that Cabrera's coconspirators threatened them with firearms and a bat during the offense and also noted that Cabrera had a bulge on his waistband that resembled a firearm.  Cabrera was accountable for the reasonably foreseeable actions of his coconspirators during this jointly undertaken criminal enterprise.  *See* U.S.S.G. § 1B1.3(a)(1)(B).  Moreover, the aliens' perception that Cabrera possessed a gun was sufficient to justify the dangerous weapon enhancement.  *See* U.S.S.G. § 1B1.1 comment.  Therefore, there was no clear error in the district court's factual determination that Cabrera brandished a weapon during the instant offense.  *See United States v. Villanueva-Alvarado*, 291 F. App'x 683, 684 (5th Cir. 2008).

Finally, Cabrera challenges the aggravating-role adjustment under § 3B1.1(c), positing that the PSR reflected that his role constituted only a minor part of the overall smuggling operation.  A defendant qualifies for a two-level adjustment in offense level if he was an organizer, leader, manager, or supervisor, in any criminal activity.  § 3B1.1(c).  There may be more than one person who qualifies as a leader or organizer of a criminal conspiracy.  *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001).

Cabrera admitted to hiring and paying individuals to act as caretakers for the aliens.  He instructed these individuals regarding what to do with the aliens.  Witnesses also detailed how Cabrera transported the aliens and demanded that they contact their families for money.  Consequently, his argument about playing a minor role in the criminal operation is unavailing.

*See id. at* 247.    The district court did not clearly err in assessing an aggravating-role adjustment against Cabrera.  *See Alaniz*, 726 F.3d at 618.

AFFIRMED.