# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR GARCIA-HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-865-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Oscar Garcia-Hernandez pleaded guilty to being found unlawfully in the United States following deportation, in violation of 8 U.S.C. § 1326. He was sentenced within the applicable advisory sentencing range under the Sentencing Guidelines to 37 months' imprisonment.

Garcia challenges the district court's applying an eight-level enhancement for his 2002 Illinois conviction for possession of cocaine, with

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

intent to deliver, which the court characterized as a "drug trafficking offense" under Guideline § 2L1.2(b)(1)(B).  He also asserts:  the Illinois offense is not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B); and, therefore, the court erred in entering judgment against him under 8 U.S.C. § 1326(b)(2).

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As Garcia concedes, however, he did not raise these issues in district court; accordingly, review is only for plain error.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Garcia must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

In his first point of error, Garcia asserts the Illinois offense does not qualify as a "drug trafficking offense", U.S.S.G. § 2L1.2(b)(1)(B), because the Illinois statute criminalizes the giving away of drugs without remuneration and, therefore, defines "drug trafficking offense" more broadly than the Guideline.  *United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir.), *petition for cert. filed* (23 June 2015) (No. 14-10355), however, forecloses this contention.  As a result, Garcia has not demonstrated the court plainly erred

in applying the Guideline § 2L1.2(b)(1)(B) enhancement based on his prior Illinois conviction.

Regarding Garcia's second contention (the court erred in sentencing him under 8 U.S.C. § 1326(b)(2) (being previously removed following a conviction for an aggravated felony)), it is not necessary to decide, under the plain-error standard, whether the Illinois offense of possession of a controlled substance with intent to deliver constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  Instead, Garcia's sentence may be affirmed because, prior to his removal, he was convicted of the Illinois offense of unlawful use of a firearm by a felon, which qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(ii).  *See Nieto-Hernandez v. Holder*, 592 F.3d 681, 685-86 (5th Cir. 2009); *see also United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002) (stating judgment may be affirmed on any basis appearing in the record).

AFFIRMED.