# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40993
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELVIN RAFAEL PINEDA-OYUELA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-282-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Elvin Rafael Pineda-Oyuela pleaded guilty to reentering the United States after having previously been removed and was sentenced to 27 months of imprisonment followed by three years of supervised release. In this appeal, he challenges the district court's entry of a judgment under 8 U.S.C. § 1326(b)(2)— which provides for a maximum sentence of 20 years for an alien whose prior removal was subsequent to a conviction for an "aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony"—arguing that the qualifying prior felony, a 2000 Florida conviction for robbery, did not constitute an "aggravated felony" because he was not sentenced to a term of imprisonment of at least one year in relation thereto. *See* § 1326(b)(2); 8 U.S.C. § 1101(a)(43)(F).  Pineda-Oyuela asks this court to remand the case to the district court for reformation of the judgment to correctly reflect his conviction under § 1326(b)(1).  The Government concedes that judgment was wrongly entered under § 1326(b)(2) for the reasons given by Pineda-Oyuela but contends that remand is unnecessary in light of this court's authority to reform the judgment.  *See* 28 U.S.C. § 2106.

Because Pineda-Oyuela did not preserve this error in the district court, we review for plain error only.  *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007); *Puckett v. United States*, 556 U.S. 129, 135 (2009).  We agree that the district court committed clear or obvious error in entering judgment under § 1326(b)(2) because Pineda-Oyuela's Florida robbery conviction, which resulted in a sentence only of probation, did not constitute an "aggravated felony," as required for conviction under § 1326(b)(2).  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368-69 (5th Cir. 2009).  Judgment should therefore have been entered under § 1326(b)(1).  Nonetheless, because the district court's error did not affect the sentence he received, Pineda-Oyuela fails to show that the error affected his substantial rights.  *See id.* at 369; *Puckett*, 556 U.S. at 135.

Accordingly, Pineda-Oyuela's conviction and sentence are AFFIRMED. We REMAND the case to the district court for the limited purpose of reforming the judgment to reflect Pineda-Oyuela's conviction under § 1326(b)(1).