# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-41284
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE OLIVARES,

Defendant-Appellant

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-321-1

———————————————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Olivares pleaded guilty to one count of harboring aliens within the United States for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (v)(II), (B)(i). The presentence report (PSR) increased Olivares's offense level to 20 after application of an enhancement under U.S.S.G. § 2L1.1(b)(5)(B), noting that three aliens had positively identified Olivares as the person who brandished a weapon in order to threaten them.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court overruled Olivares's objection to the enhancement and sentenced him within the advisory guidelines range to 66 months of imprisonment and a two-year term of supervised release.

Olivares now contends that the district court erred by applying the § 2L1.1(b)(5)(B) enhancement.  We review for clear error his challenge to the sufficiency of the evidence supporting the district court's factual findings.  *See United States v. Reyna-Esparza*, 777 F.3d 291, 293-94 (5th Cir. 2015).  While the Government has the burden to prove, by a preponderance of the evidence, the facts which are necessary to support the enhancement, *id*. at 294, "[a]s a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate, or unreliable," *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (internal quotation marks and citation omitted).  Olivares thus has the burden to present competent evidence showing that the facts in the PSR are materially untrue or inaccurate.  *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013).

Olivares has not made the requisite showing.  He first contends that the photographic lineup from which the aliens identified him was unconstitutionally suggestive because his photograph was the only one in which the subject had tattoos and facial hair.  Because Olivares did not provide the photographic lineup in connection with his argument, there is no evidence in the record to support his allegation.  "Mere objections do not suffice as competent rebuttal evidence." *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002) (internal quotation marks and citation omitted).

Olivares also contends that the aliens incorrectly identified an innocent person (codefendant Priscilla Gutierrez) from a different photographic lineup

No. 15-41284

and that the firearm the aliens claimed to have seen was never found. These statements do not comprise competent rebuttal evidence. The charges against Gutierrez were dismissed, but there is no indication in the record that the dismissal occurred because the aliens misidentified Gutierrez or because she was actually innocent; rather, the record indicates that the photographic lineup which included Gutierrez was created only after law enforcement had already found her to be connected to the stash house. The PSR also provided a reasonable explanation for why the firearm was never found: the stash house where the aliens were housed was never searched, because the aliens escaped and were found by law enforcement at a different location. We have upheld the application of the § 2L1.1(b)(5)(B) enhancement where a firearm was not recovered from the defendant at the time of arrest. *See United States v. Cabrera*, 600 F. App'x 279, 279-80 (5th Cir.), *cert. denied*, 136 S. Ct. 2412 (2015).[1]

Olivares has not demonstrated by competent rebuttal evidence that the facts in the PSR supporting application of the § 2L1.1(b)(5)(B) enhancement were materially untrue or inaccurate. *See Cervantes*, 706 F.3d at 620-21. Accordingly, he has not shown that the district court clearly erred in applying the enhancement. *See Reyna-Esparza*, 777 F.3d at 293-94.

AFFIRMED.

---

[1] Although unpublished opinions are not precedential, they are persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (recognizing that unpublished decisions issued after January 1, 1996, are not controlling precedent but may be considered persuasive authority).