# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40206

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN ARRIAGA NUNEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC 5:15-CR-900-1

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

This Defendant appeals from a judgment adjudicating him guilty of 8 U.S.C. §§1326(a) and 1326(b)(2). His claim is that he was convicted under § 1326(b)(1) and not § 1326(b)(2), and he argues that his prior conviction was not for an aggravated felony.

Only in this appeal has this question been raised. The presentence report stated that Defendant was subject to the 20-year term of imprisonment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 16-40206

pursuant to § 1326(b)(2) because he had been convicted of attempted sexual abuse in the first degree and of attempted delivery of a controlled substance to a minor. The Defendant pleaded guilty without any objection to this PSR. The Government says Defendant pleaded guilty to attempted delivery of a controlled substance to a minor, an aggravated felony.

The Defendant does not seek to be resentenced, only a change of the offense as decided in the district court. This court has no cause to change the crime because Defendant now says it is not correct.[1]

AFFIRMED.

---

[1] Relying on the principle that a judgment may be affirmed for any reason supported by the record, we have in similar circumstances affirmed sentencing under § 1326(b)(2) where the defendant has a qualifying conviction other than that identified at sentencing. *United States v. Garcia-Hernandez*, 613 F. App'x 437, 438 (5th Cir. 2015) (per curiam). Here, while the Government concedes that the conviction for attempted sexual abuse does not qualify as an aggravated felony, the parties hotly contest whether the drug offense does qualify. Nunez's arguments run headlong into the plain error standard of review. There is no authority supporting the proposition that Nunez has lucked into a more forgiving standard of review through inaction, and no authority for the proposition that affirming the judgment on an alternative basis deprives the defendant of his right to be present at sentencing.

No. 16-40206

JAMES E. GRAVES, JR., Circuit Judge, dissenting:

I would remand for the limited purpose of reforming the judgment to reflect Juan Arriaga Nunez's conviction under 8 U.S.C. §1326(b)(1) because the parties agree that attempted sexual abuse is not an aggravated felony under 8 U.S.C. §1326(b)(2). Therefore, I respectfully dissent.

Section 1326(b)(2) states that an alien "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both." 8 U.S.C. §1326(b)(2).

Arriaga Nunez pleaded guilty without objection to the presentence report (PSR). The PSR specifically identified the aggravated felony which subjected Arriaga Nunez to the penalty provision of section 1326(b)(2), as follows:

> Accordingly, the defendant is subject to the penalty provisions pursuant to 8 U.S.C. §1326(b)(2) based on his prior crime of violence conviction for Attempted Sexual Abuse in the First Degree in the Circuit Court of the State of Oregon for the County of Washington, under Case No. C041998CR, and subsequent deportation to Mexico on June 23, 2015, which is the controlling date of deportation.

The district court adopted the PSR without change. Further, the district court explicitly stated that it was sentencing Arriaga Nunez "one month above the low end in consideration" of certain factors such as his employment and the fact that this was his first conviction for illegal reentry.

"[A] defendant has a constitutional right to be present at sentencing." *United States v. Bigelow*, 462 F.3d 378, 380 (5th Cir. 2006) (alteration in original); *see also* Fed. R. Crim. P. 43. If a defendant fails to object, we review for plain error. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007).

3

No. 16-40206

To establish plain error, Arriaga Nunez must show there was plain error that affected his substantial rights and seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Id.*

Arriaga Nunez's sentence of 42 months imprisonment and three years of supervised release does not exceed the sentence available under § 1326(b)(1) of ten years' imprisonment and three years of supervised release. But, the determination that the statutory maximum term was twenty years under §1326(b)(2) based on the attempted sexual abuse conviction may very well have influenced the district court's choice of sentence. *See Apprendi v. New Jersey*, 530 U.S. 466, 522 (2000).

The statutory maximum penalty for an offense is an indicator of the seriousness of the offense to which the district court must tailor its sentence. *See* 18 U.S.C. § 3553(a)(2). Also, a conviction under 8 U.S.C. § 1326(b)(2) is itself considered an aggravated felony. *See* 8 U.S.C. §1101(a)(43)(O); *see also United States v. Gamboa-Garcia*, 620 F.3d 546, 549 (5th Cir. 2010) (prior judgment reflecting conviction and sentencing under § 1326(b)(2) precluded attack on "aggravated felony" enhancement).

The inability to show that an error affected the sentencing outcome may prohibit vacatur of a sentence or resentencing. *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). Notwithstanding that Arriaga Nunez is arguably able to show that it affected his substantial rights, this court is not precluded from remanding for the sole purpose of reforming the judgment to reflect the proper statute of conviction. *Id.*

On appeal, the Government concedes that the prior conviction for attempted sexual abuse does not qualify as an aggravated felony. Under our precedent, that is sufficient for this matter to be remanded to the district court for reformation of the judgment. *See Mondragon-Santiago*, 564 F.3d at 369;

*see also United States v. Pineda-Oyuela*, 644 F. App'x 309, 310 (5th Cir. 2016); *United States v. Medina-Villarreal*, 608 F. App'x 255 (5th Cir. 2015); *United States v. Jimenez-Laines*, 342 F. App'x 978 (5th Cir. 2009); and *United States v. Campos*, 277 F. App'x 505, 506 (5th Cir. 2008).

The majority declines to remand for reformation and dismisses the appeal based on the Government's argument that Arriaga Nunez's prior conviction for attempt to deliver a controlled substance to a minor should be used as the aggravated felony. But the PSR explicitly states that the attempted sexual abuse conviction is the basis for the aggravated felony enhancement. Further, Arriaga Nunez disputes that the drug conviction qualifies as an aggravated felony.

Regardless, neither the Government nor the majority offers any authority for the proposition that the Government should now be able to substitute the drug conviction.[1] While the PSR recounted all of Arriaga Nunez's criminal history, it explicitly stated that attempted sexual abuse was the aggravated felony under section 1326(b)(2). The district court adopted the PSR without change and indicated it was only considering what was in that report. There is no indication that the district court made any finding that the drug conviction qualified as an aggravated felony.

Where a defendant had no opportunity to address the issue, this court reviews for an abuse of discretion. *See United States v. Torres-Aguilar*, 352

---

[1] The majority cites *United States v. Garcia-Hernandez*, 613 F. App'x 437, 438 (5th Cir. 2015). However, notwithstanding that *Garcia-Hernandez* is an unpublished case and not binding precedent under Fifth Circuit Rule 47.5.4, this court cited authority that Garcia's conviction from Illinois for unlawful use of a firearm by a felon indeed qualified as an aggravated felony. Here, the majority merely swaps the sexual abuse conviction explicitly stated in the PSR and adopted by the district court for the drug offense without reaching the conclusion that the drug offense even qualifies as an aggravated felony and without giving Nunez an opportunity to object, as discussed herein.

F.3d 934, 935 (5th Cir. 2003); *see also United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002); *United States v. Sahakian*, 14 F. App'x 876, 877 (5th Cir. 2001). Further, the Government has the burden of proving the elements of the offense and the application of any enhancements. *See United States v. Romans*, 823 F.3d 299, 317-18 (5th Cir. 2016); *see also United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). This court has also said:

> While the Government has the burden to prove, by a preponderance of the evidence, the facts which are necessary to support the enhancement, "[a]s a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate, or unreliable."

*United States v. Olivares*, 833 F.3d 450, 452 (5th Cir. 2016).

To allow the Government to now substitute the drug conviction would effectively eliminate Arriaga Nunez's ability to be present or object to any claim that he is subject to the penalty provisions of 8 U.S.C. §1326(b)(2) based on his prior crime of attempt to deliver a controlled substance to a minor. Also, we are unable to review for an abuse of discretion the district court's decision on whether the drug conviction qualified as an aggravated felony because the district court adopted the PSR without change and the PSR explicitly stated that the attempted sexual abuse conviction qualified as the aggravated felony. There is no indication that the district court made any determination of whether Arriaga Nunez's prior conviction for attempt to deliver a controlled substance to a minor qualifies as an aggravated felony. Any potential conjecture as to whether Arriaga Nunez would have objected to the PSR if the drug offense had served as the qualification for section 1326(b)(2) would be inappropriate. In an immigration context, the Supreme Court has found no

basis for such conjecture. *Carachuri –Rosendo v. Holder*, 560 U.S. 563, 580 (2010).

For these reasons, I would remand for reformation of the judgment to properly reflect conviction and sentencing under §1326(b)(1) rather than (2). Respectfully, I dissent.