# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20565

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS BORJAS BRICENO, also known as Carlos Briceno Borjas, also known as Carlos Borjas, also known as Carlos B. Borjas,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-129-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Carlos Borjas Briceno appeals the district court's finding that his prior conviction under TEX. PENAL CODE ANN. § 28.03 for criminal mischief was an "aggravated felony" under the Sentencing Guidelines, thereby imposing an eight-level enhancement to Briceno's sentence. Briceno served his term of imprisonment and was released from federal custody on September 29, 2016,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20565

so the length of Briceno's sentence is no longer material to his appeal. However, there is a possibility that collateral consequences may attach to the district court's finding that Briceno's prior criminal mischief conviction was an aggravated felony. So we must determine whether the district court erred in making this finding. We hold that the district court erred in classifying the Texas criminal mischief provision as an "aggravated felony" under the Sentencing Guidelines because the underlying crime does not require the use of force in the ordinary case.

I.

Briceno pleaded guilty to illegal reentry as a previously deported alien following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). The Presentence Investigation Report ("PSR") determined Briceno's base offense level to be eight under U.S.S.G. § 2L1.2(a) (2015). The district court found, over Briceno's objection, that Briceno's prior Texas criminal mischief conviction[1] was an aggravated felony, and imposed an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). The district court reduced Briceno's offense level by three upon his acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). The resulting total offense level of 13, combined with Briceno's criminal history category of III, provided an advisory imprisonment range of 18 to 24 months under the Sentencing Guidelines.

The district court sentenced Briceno to 22 months of imprisonment and three years of supervised release. Briceno appeals, arguing that the district court erred in classifying his Texas criminal mischief conviction as a "crime of

---

[1] Briceno was previously convicted under the Texas criminal mischief statute in 2005, which provides in part that "(a) A person commits an offense if, without the effective consent of the owner: (1) he intentionally or knowingly damages or destroys the tangible property of the owner . . . ." TEX. PENAL CODE ANN. § 28.03(a)(1) (2005).

No. 15-20565

violence" under 18 U.S.C. § 16(b), and therefore an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

## II.

We review the district court's categorization of a defendant's prior offense as an aggravated felony *de novo*.[2]

## III.

In 2005, Briceno was convicted under the Texas criminal mischief statute, which provides, in part, "(a) A person commits an offense if, without the effective consent of the owner: (1) he intentionally or knowingly damages or destroys the tangible property of the owner . . . ."[3] The district court determined this Texas criminal mischief statute encompassed conduct that would be classified as an "aggravated felony" and imposed an eight-level enhancement to Briceno's sentence under U.S.S.G. § 2L1.2(b)(1)(C).

The commentary to that guideline states that an "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43).[4]  Under 8 U.S.C. § 1101(a)(43)(F), an "aggravated felony" is defined as a "crime of violence" under 18 U.S.C. § 16.[5] A crime of violence under 18 U.S.C. § 16(b) is defined as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[6]  Thus, Briceno's criminal mischief conviction qualifies as an aggravated felony only if it constitutes a crime of violence under § 16(b).

---

[2] *United States v. Martinez-Romero*, 817 F.3d 917, 919 (5th Cir. 2016) (citing *United States v. Robinson*, 741 F.3d 588, 598-99 (5th Cir. 2014)).

[3] TEX. PENAL CODE ANN. § 28.03(a)(1).

[4] U.S.S.G. § 2L1.2 cmt. n.3.

[5] 8 U.S.C. § 1101(a)(43)(F).

[6] 18 U.S.C. § 16(b).

3

No. 15-20565

The district court applied the modified categorical approach upon finding that the criminal mischief statute was divisible, and examined Briceno's indictment to pare down his conviction to a subpart of the criminal mischief statute, § 28.03(a)(1).[7]  Then, the district court looked to the crime under that subpart in its "ordinary case" and determined that there was a strong probability that physical force would be used against property in the commission of the crime.  Accordingly, the district court found that the conduct proscribed under § 28.03(a)(1) was a "crime of violence" under 18 U.S.C. § 16(b), and therefore an "aggravated felony" under the applicable guideline.  Briceno argues that the eight-level enhancement applied to his sentence was inappropriate because the "ordinary case" of criminal mischief under § 28.03(a)(1) does not require the use of force.[8]

The length of Briceno's sentence is no longer material because he was released from federal custody on September 29, 2016.  Briceno's release does not render his appeal moot because he was convicted under 8 U.S.C. § 1326(b)(2), the statutory sentencing provision that applies if the illegal reentry was subsequent to a conviction for an "aggravated felony."[9]  We have held that a district court's determination that a defendant's prior offense was an "aggravated felony" to support a conviction under § 1326(b)(2) renders the "offense of conviction *itself* an 'aggravated felony.'"[10]  The collateral consequences of that determination, including rendering Briceno permanently

---

[7] *See Mathis v. United States*, 136 S. Ct. 2243, 2248-57 (2016); *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) ("[W]e have generally used the categorical and modified categorical approaches in applying the federal sentencing Guidelines.").

[8] Briceno also argues that 18 U.S.C. § 16(b) is unconstitutionally vague, but concedes in reply brief that this issue is now foreclosed by *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc).

[9] 8 U.S.C. § 1326(b)(2).

[10] *Gonzalez-Longoria*, 831 F.3d at 674 n.2.

inadmissible to the United States, make the aggravated felony classification question material even after Briceno's release.[11]

Therefore, our sole inquiry is whether the district court erred in finding that "the conduct encompassed by the elements of the [Texas criminal mischief statute], in the ordinary case" includes "a substantial risk that physical force" may be used in committing the crime.[12] We have held that a "substantial risk requires a strong probability that the application of physical force during the commission of the crime will occur"[13] and that force is "synonymous with destructive or violent force."[14]

We have held that "[b]eing able to imagine unusual ways the crime could be committed without the use of physical force does not prevent it from qualifying as a crime of violence under § 16(b)."[15] Here, we need not imagine unusual ways to commit the crime of criminal mischief under Texas law. Briceno points to at least ten cases in brief and reply brief (which are collected in the margin) where Texas courts have upheld sentences under the same criminal mischief statute, or its predecessor, where destructive or violent force was not required in commission of the crime.[16]

---

[11] *See id.* (citing 8 U.S.C. § 1182(a)(9)(A)(i), (ii)).

[12] *James v. United States*, 550 U.S. 192, 208 (2007), *overruled on other grounds by*, *Johnson v. United States*, 135 S. Ct. 2551 (2015); 18 U.S.C. § 16(b).

[13] *United States v. Landeros-Gonzales*, 262 F.3d 424, 427 (5th Cir. 2001) (internal quotation marks omitted) (quoting *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995)).

[14] *Id.* at 426 (internal quotation marks omitted) (quoting *Rodriguez-Guzman*, 56 F.3d at 20 n.8).

[15] *Perez-Munoz v. Keisler*, 507 F.3d 357, 364 (5th Cir. 2007).

[16] *See, e.g.*, *Carrizales v. State*, 414 S.W.3d 737 (Tex. Crim. App. 2013) (scattering roofing screws on a road, resulting in the puncture of vehicle tires); *Holz v. State*, 418 S.W.3d 651 (Tex. Crim. App. 2009) (allowing scores of dogs to remain in homes without the owners' consent, which resulted in the damage of the homes); *Lackey v. State*, 290 S.W.3d 912 (Tex. Crim. App. 2009) (scattering roofing nails on a road, resulting in the puncture of vehicle tires); *Reasor v. State*, 281 S.W.3d 129 (Tex. Crim. App. 2008) (painting the inside of a rental home and otherwise modifying the home without the landlord's permission); *Ortiz v. State*, 280 S.W.3d 302 (Tex. Crim. App. 2008) (spitting on the window of a police cruiser); *Harrell v.*

No. 15-20565

The government's only counterargument is that poisoning constitutes the use of force.[17]  Latching onto one of the cases Briceno cites regarding the poisoning of an historic tree,[18] the government argues that the Supreme Court has held that poisoning someone was a crime involving physical force in the domestic violence context, even though no physical contact was involved.[19]

Considering the number of cases from Texas courts, including several instances where poisoning was not at issue, it is incorrect to say that the "ordinary case" of criminal mischief requires destructive or violent force.

We therefore hold that the district court erred in determining TEX. PENAL CODE ANN. § 28.03(a)(1) is an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).  The judgment is modified to reflect a conviction under § 1326(b)(1) instead of § 1326(b)(2), and this matter is remanded to the district court for the limited purpose of correcting the written judgment to reflect this modification.

REMANDED

---

*State*, No. 06-99-00150-CR, 2000 WL 1506999 (Tex. Crim. App. Oct. 11, 2000) (pouring gasoline containing sugar into the gasoline tank of a car belonging to another); *Vantil v. State*, 884 S.W.2d 212 (Tex. Crim. App. 1994) (removing the rear sliding window of a pickup truck with a screwdriver); *Cullen v. State*, 832 S.W.2d 788 (Tex. Crim. App. 1992) (poisoning an historic tree); *Athey v. State*, 697 S.W.2d 818 (Tex. Crim. App. 1985) (preparing a rental home for repairs by removing cabinets, sheetrock, and tiles); *Crawley v. State*, 513 S.W.2d 62 (Tex. Crim. App. 1974) (intentionally entering freeway and driving in an erratic manner, resulting in a collision).

[17] *United States v. Castleman*, 134 S. Ct. 1405, 1408 (2014) (holding that poisoning a victim by giving them a poisoned beverage was a crime that involved physical force).

[18] *See Cullen*, 832 S.W.2d at 788.

[19] *Castleman*, 134 S. Ct. at 1414.