# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10135

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ISRAEL PEREZ-JIMENEZ,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-269-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Israel Perez-Jimenez pleaded guilty to illegal reentry after removal pursuant to 8 U.S.C. §1326(a) and (b)(2). He was sentenced to 30 months of imprisonment with no supervised release. On appeal, Perez-Jimenez argued for the first time that the district court erred by characterizing his Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10135

convictions of burglary of a building and burglary of a vehicle as aggravated felonies under 8 U.S.C. § 1101(a)(43)(F) for the purposes of convicting, sentencing, and entering judgment against him under § 1326(b)(2). Perez-Jimenez based this argument on the Supreme Court's reasoning in *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing the definition of a crime of violence under 18 U.S.C. § 16(b), as incorporated by reference into §1101(a)(43)(F), was unconstitutionally vague on its face. Perez-Jimenez's argument was foreclosed at the time by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *cert. granted*, *judgment vacated*, 138 S. Ct. 2668 (2018), which was later abrogated by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding § 16(b) unconstitutionally vague). Perez-Jimenez petitioned for certiorari before the Supreme Court, which granted his petition, vacated this court's judgment, and remanded for further consideration in light of *Dimaya*.

On remand, the parties agree that Perez-Jimenez's challenge to the length of his sentence is now moot given that Perez-Jimenez has served his sentence and been removed from the United States. However, Perez-Jimenez argues his judgment of conviction should nevertheless be reformed to reflect conviction under § 1326(b)(1) rather than § 1326(b)(2). The Government argues that Perez-Jimenez did not raise this argument in his initial brief and therefore has waived the issue. Nonetheless, the Government urges that if this court were to find Perez-Jimenez properly raised the issue, the court should, "at the very most," reform the judgment to reflect conviction under §1326(b)(1).

In reviewing Perez-Jimenez's initial brief, we conclude he adequately raised the issue of § 16(b)'s unconstitutionality and that his prior Texas burglary convictions did not qualify as aggravated felonies under § 16(b) or otherwise. However, because Perez-Jimenez raised the issue for the first time

No. 16-10135

on appeal, we review his judgment of conviction under § 1326(b)(2) for plain error. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018). Plain error review consists of four prongs, the first three of which are: 1) there must be an error or defect; 2) the error must be clear or obvious; and 3) the error must have affected substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the first three prongs are met, "it is well established that courts should correct a forfeited plain error that affects substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018) (internal quotation marks omitted). The decision whether to correct the error rests within the discretion of the reviewing court. *Puckett*, 556 U.S. at 135.

We are satisfied that Perez-Jimenez has met the standard for plain error review. First, he has shown clear error in the judgment of conviction under §1326(b)(2). Section 1326(b)(2) penalizes reentry by an alien deported after prior conviction of an aggravated felony and allows a sentence of imprisonment up to twenty years. Section 1326(b)(1) penalizes reentry by an alien deported after conviction of certain misdemeanors or of a non-aggravated felony, with a maximum 10 years of imprisonment. *Dimaya* precludes relying on § 16(b)'s definition of crime of violence as the basis for designating Perez-Jimenez's burglary convictions as aggravated felonies, meaning it was plain error to convict him under § 1326(b)(2).[1] Further, such a conviction affects his substantial rights. This court has previously concluded that an improper conviction under § 1326(b)(2), even of a defendant who has served his sentence and been deported, is neither harmless nor moot "because the erroneous

---

[1] Both parties appear to agree that Perez-Jimenez's conviction under § 1326(b)(2) is clear error after *Dimaya* and that Perez-Jimenez's burglary convictions do not otherwise qualify as aggravated felonies.

judgment could have collateral consequences." *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (citing *United States v. Briceno*, 681 F. App'x 334 (5th Cir. 2017)). Specifically, a conviction under § 1326(b)(2) is itself an aggravated felony that would render a defendant permanently inadmissible to the United States. *Id.* (quoting *Briceno*, 681 F. App'x at 334)). Even if the conviction did not implicate Perez-Jimenez's substantial rights, we would still conclude this is an instance where reformation of the judgment is proper. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009); *United States v. Reyes-Hernandez*, 727 F. App'x 90, 90 (5th Cir. 2018) (unpublished); *United States v. Hermoso*, 484 F. App'x 970, 972–73 (5th Cir. 2012) (unpublished); *United States v. Ayala-Nunez*, 714 F. App'x 345, 345, 351–52 (5th Cir. 2017) (unpublished); *United States v. Pineda-Oyuela*, 644 F. App'x 309, 310 (5th Cir. 2016) (unpublished).

Accordingly, we REFORM the district court's judgment to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1). The judgment is AFFIRMED as modified.